MARIAH J. CASS *v.* SMITH, BLAIR & CO.

[Abstract Kentucky Law Reporter, Vol. 7—291, 298, 305.]

**Rents Accruing After the Death of the Owner of Real Estate.**

Rents accruing after the death of a person vest in his heirs or devisees.

**Possession Under Dower Right.**

> A widow is entitled to dower and to occupy the mansion house until the assignment of such dower or the sale of the property.

## APPEAL FROM MARION CIRCUIT COURT.

October 1, 1885.

OPINION BY JUDGE HOLT:

Upon the former appeal of this case this court held, that the appellant, Maria J. Cass, as widow, was entitled to dower in the property in control, subject to the appellee's claim, and that she was therefore entitled to the occupancy of the mansion house until the assignment of dower or the sale of the property. By this was meant a completed or perfected sale, and not a mere proposed bid for the property, subject to be rejected or confirmed by the court as the vendor. Rents accruing after the death of a person vest in his heirs or devisees; in this case the widow, as she was entitled to the possession, and until this right ceases that the purchaser to them does not attach.

In this instance the purchaser was in possession when the sale was confirmed and thereby the legal title and possession were then united in him, and he thereupon became entitled to the rents from that time.

While there may be exceptions, yet this is the general rule where there is no right to redeem. *Ball v. First National Bank,* 80 Ky. 501. The administratrix of the decedent was a necessary party to the suit. She and the widow were the same person, and she was named as such personal representative in the petition. As such she contested their claim to a lien for their entire debt, and her claim as widow to the dower was secondary to it and depended upon her success as administratrix in defeating the alleged lien, and as she was unsuccessful, she became liable for costs, not de bonis propriis, but as administratrix, only.

The judgment below is reversed, with directions to render a judgment allowing the appellant the rent of the property until the date when the commissioner's sale was confirmed, without deducting from it any costs, for which, save the costs of renting, a judgment be rendered against her as administratrix, and for further proceedings consistent with this opinion.

*J. P. Thompson, Hill & Rives, for appellant.*
*W. E. & S. A. Russell, for appellees.*